ORIGINAL LODGED

Richard L. Weiner (State Bar No. 123243)
Paul J. Laurin (State Bar No. 136287)
WEINER & LAURIN, LLP
15760 Ventura Blvd., Suite 1727
Encino, CA  91436

Telephone No.: (818) 501-8898
Facsimile No.: (818) 501-8897

Attorneys for Plaintiff New Form, Inc.

2004 MAR -4 PM 3: 06
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

FILED
CLERK, U.S. DISTRICT COURT
APR - 8 2004
CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW FORM, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> LUCIA ALBARRÃN, etc., et al., <br><br> Defendants | CASE NO. CV 02-02293 FMC (Ex) <br><br> Related to: <br> NEW FORM V. CINELLI <br> Case No. O1-07351 (FMC (Shx) <br><br> Related to: <br> NEW FORM V. SABINA CORPORATION <br> Case No. 02-02296 MMM (RCx) <br><br> **FINAL PRETRIAL CONFERENCE ORDER** <br><br> **FINAL PRE-TRIAL CONFERENCE:** <br> DATE:     February 23, 2004 <br> TIME:     9:30 a.m. <br> CTRM:   750 <br><br> Trial Date: April 13, 2004 <br><br> **HONORABLE FLORENCE M. COOPER** |

DOCKETED ON CM
APR 1 2 2004
BY____ 005

Following pretrial proceedings, pursuant to Rule 16, F.R.Civ.P. and L.R. 16, IT IS ORDERED:

1. The parties are:

    (a) Plaintiff New Form, Inc.

    (b) Defendant Lucia Albarran, individually and doing business as Producciones Albarran B&M

100

1

1         (c)    Defendant Antonio Barboza

2 Each of these parties has been served and has appeared. All other parties 3 named in the pleadings and not identified in the preceding paragraph are now 4 dismissed.

5     The pleadings that raise the issues are:

6         (a) Complaint for: 1. Willful Infringement of Copyrights; 2. Unfair
7             Business Practices; 3. Racketeering (18 U.S.C. §1961, et seq.)
8         (b) Defendants' First Amended Answer to Complaint, filed on or
9             about September 12, 2003

11    2.    Federal jurisdiction and venue are invoked on the grounds: 17 U.S.C. § 12 101 et seq. and 18 U.S.C. §1961, et seq. Venue is proper in the United States District 13 Court, Central District of California, as the Plaintiff and Defendants reside and are doing 14 business in the County of Los Angeles, State of California.

16    3.    The trial is estimated to take five (5) trial days.

18    4.    Plaintiff has waived a Jury Trial. Defendants have requested a Jury Trial. 19 Pursuant to Defendants' request, the trial is to be a jury trial. At least five days prior to 20 the trial date, each counsel shall deliver to the Court and opposing counsel: (1) 21 proposed jury instructions as required by Local Rule 51-1 and (b) any special questions 22 requested to be put to prospective jurors on voir dire).

24    5.    The following facts are admitted and require no proof:
25         (a)    Plaintiff New Form, Inc. has ownership of a valid copyright interest
26              in the "India Maria Pictures"[1] and possesses the exclusive rights to

---

[1] Duro Pero Seguro, El Miedo No Anda En Burro; El Que No Corre Vuela; La Comadrita; La Madrecita; La Presidenta Municipal, O.K. (Okey) Mister Pancho, Pobre Pero Honrada, Sor Tequila; Tonta Tonta Pero No Tanto (collectively referred to herein as the "India Maria Pictures").

2

FINAL PRETRIAL CONFERENCE ORDER

distribute each of the films effective May 15, 1999 and continuing to May 15, 2004.

(b) Defendants never obtained or possessed at any time the rights to duplicate any of the India Maria Pictures.

(c) Defendant Lucia Albarran, individually and doing business as Producciones Albarran B&M sold VHS Tape copies of each of the India Maria Pictures commencing on and before May 15, 1999 and continuing through March 2002.

6. Claims and defenses to be presented at time of trial:

Plaintiff:

(a)(1) Claim: Copyright infringement

(b)(1) Facts Required to Prove Copyright Infringement: To establish copyright infringement, a plaintiff must prove (a) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.

(c)(1) Brief Statement of Evidence: In addition to the admitted facts set forth above, in accordance with the Court's July 14, 2003 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, a triable issue of fact remains as to whether Defendants engaged or arranged for duplication of the India Maria Pictures during the alleged infringement period.

(i) Defendant Lucia Albarran illegally purchased from Jose Romo of MDVC Tape Masters of each of the India Maria Pictures in or about 1999 and began duplicating the India Maria Pictures in the garage of Defendants' home, where

|   |   |   |
|---|---|---|
|   |   | she and her husband had at least 80 VHS duplicating machines in operation. |
| (ii) | | The Albarran Defendants placed a purchase order with Reel Picture Productions, LLC ("Reel Picture") during the infringement period for Reel Picture to duplicate each of the India Maria Titles. Business records of Reel Pictures Productions, LLC and testimony of its owner, Michael Ishayik, will establish duplication of tapes during the infringement period |
| (iii) | | Gustavo Munguia, Lucia Albarran's son and an employee of Albarran B&M, picked up the duplicated finished product of the India Maria Pictures; |
| (iv) | | Documentation from Sandoval Printing will show duplication of VHS film boxes and packaging; |
| (v) | | Testimony and documentation maintained by Linda Richardson will establish duplication and unlawful sales of the India Maria tapes by Defendants; |
| (vi) | | Testimony confirming damages sustained by Plaintiff caused directly by the conduct of Defendants; |
| (vii) | | Testimony and documentary evidence confirming Defendants' engaged in criminal copyright infringement and counterfeit labeling; and |
| (viii) | | Court's July 14, 2003 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment. |

(a)(2) Claim: Violations of the RICO Act, 18 U.S.C. §1961, *et seq.*

(b)(2) Facts Required to Prove Violations of the RICO Act: To state a claim for a violation of RICO, 18 U.S.C. §1962(c), plaintiff must

1     allege (1) conduct (2) of an enterprise (3) through a pattern of (4)
2     racketeering activity. In addition, plaintiff must establish a concrete
3     financial loss, nor merely an injury to a valuable property interest.
4     Plaintiff must also show that Defendants' violation was the
5     proximate cause of the injury, which requires a direct relationship
6     between Plaintiff's injury and the alleged injurious conduct.

7   (c)(2) Brief Statement of Evidence:

8     (i) Business records of Reel Pictures Productions, LLC and testimony of its owner, Michael Ishayik, will establish duplication of tapes during the infringement period;

11     (ii) Testimony and documentation of Defendants use of enterprises, including Albarran, Inc. and Producciones Albarran B&M;

14     (iii) Documentation from Sandoval Printing will show duplication of VHS film boxes and packaging;

16     (iv) Testimony and documentation maintained by Linda Richardson will establish duplication and unlawful sales of the India Maria tapes by Defendants.

19     (v) Testimony confirming damages sustained by Plaintiff and damages to other victims, including GCFilms, caused directly by the conduct of Defendants;

22     (vi) Testimony and documentary evidence confirming Defendants' engaged in criminal copyright infringement and counterfeit labeling;

25     (vii) Court's July 14, 2003 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment.

28 ///

Defendants:

(a)(1) Defense: First Sale Doctrine

(b)(1) Ultimate Facts Required to Prove Defense: That all copies of the videotapes at issue were lawfully made or acquired by defendants.

(c)(1) Brief Statement of Evidence: Testimony from defendants Lucia Albarran and Antonio Barboza, Miguel Albarran, and Michael Ishayik, as well as former and current employees of Producciones Albarran B&M and former employees of Million Dollar Video Corp. ("MDVC") will establish defendants never duplicated any of the "India Maria" movies at issue; rather, all the "India Maria" movies distributed by Producciones Albarran B&M were lawfully acquired from MDVC, which had acquired its inventory from Datel, an authorized distributor of "India Maria" movies. Further, any duplication or distribution ostensibly by defendants was unauthorized and false and defendants had no knowledge of any such duplication or distribution.

(a)(2) Defense: Preemption (of the Unfair Competition Claim)

(b)(2) Ultimate Facts Required to Prove Defense: That the claim for unfair competition is comprised of allegations showing nothing more than copyright infringement.

(c)(2) Brief Statement of Evidence: Plaintiff's own pleadings demonstrate the claim is nothing more than a claim for copyright infringement; and plaintiff has not identified any contrary evidence, either in its Memorandum of Contentions of Law and Fact or in this Order.

///

(a)(3) Defense: Failure to State a Claim for Civil RICO

(b)(3) Ultimate Facts Required to Prove Defense: That plaintiff did not and demonstrate one or more of the elements to a civil RICO action; namely: (i) underlying predicate acts; (ii) a pattern of racketeering activity; (iii) the existence of a criminal enterprise separate and apart from defendants; (iv) plaintiff was harmed by the "use or investment" of the proceeds of racketeering; and (v) plaintiff sustained compensable damages as a result of defendants' wrongdoing.

(c)(3) Brief Statement of Evidence: Testimony from plaintiff's principles, from defendants and other witnesses including former MDVC employees, as well as documentary evidence, will demonstrate:

(i) defendants did not engage in criminal copyright;

(ii) defendants did not engage in a "pattern" of racketeering; at most, plaintiff can only point to one alleged instance of duplication of the "India Maria" movies;

(iii) plaintiff has not identified any distinct criminal "enterprise" separate and apart from defendants;

(iv) plaintiff has not sustained any actual damages; and

(v) plaintiff cannot establish any causal link between defendants' alleged wrongdoing and any damages it may have sustained.

8. All discovery is complete. However, defendants will move to depose witness Michael Ishayik should the court allow plaintiffs to introduce documents not produced by Ishiyak until long after the close of discovery and a mere few days before the pretrial conference held on February 23, 2004. Plaintiff will oppose the Motion.

9. All disclosures under F.R.Civ.P. 26(a)(3) have been made. The joint exhibit list of the parties has been filed herewith under separate cover as required by L.R. 16-5. All exhibits may be admitted without objection, except those exhibits listed below:

Plaintiff objects to Exhibit Nos. Exhibits 233 through 240; 242-243; 253, 271, 279, 280-281, 288-290, 296-300.

Defendants reserve their rights to object to plaintiff's Exhibits on any applicable legal grounds, including, without limitation, foundation, relevance, hearsay, and undue prejudice.

Plaintiff's objections are separately stated and attached hereto. Plaintiff reserves the right to amend the Exhibit List with the additional documents produced by Reel Pictures.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made. Witness lists of the parties have heretofore been filed with the Court.

11. Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.8. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1: NONE

12. The following law and motion matters and motions *in limine* are pending or contemplated:

Plaintiff:

Plaintiff New Form, Inc.'s Motion *In Limine* To Exclude Certain Of Defendants' Affirmative Defenses And Testimony/ Evidence was fully briefed and came on for hearing on February 23, 2004. The Court granted Plaintiff's Motion In Liminie to exclude Defendants' Affirmative Defense of Laches, Unclean Hands, Estoppel, Standing, and Evidence of Cease and

03/04/04 10:37 FAX 8185018897　　　　　WEINER & LAURIN　　　　　　　　　　@010

Desist Letters sent by Defendants to Plaintiff. Plaintiff's Motion to preclude evidence of the defense of the statute of limitations was denied. The Court's Order on Plaintiff's Motion In Liminie was filed on February 23, 2004 and entered on February 24, 2004.

Defendants:

Defendants will move to file a Motion in Limine to exclude documents produced by Reel Pictures/Michael Ishayik and motion to exclude testimony from either person on the grounds that full compliance with the subpoena duces tecum was not made until a mere few days before the pretrial conference. Plaintiff will oppose the Motion.

13. Bifurcation of the following issues for trial is ordered: NONE.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this pretrial conference order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

DATED: _____

_____
Honorable Florence-Marie Cooper
United States District Judge

Approved as to form and content:

WEINER & LAURIN, LLP　　　　　　　　　　LAW OFFICES OF MARILYN M. SMITH

By: _____　　　　　　By: _/s/ Marilyn M. Smith_____
RICHARD L. WEINER　　　　　　　　　　　　Marilyn M. Smith
Attorneys for Plaintiff　　　　　　　　　　　Attorney for Defendants
NEW FORM, INC.　　　　　　　　　　　　　LUCIA ALBARRAN and
　　　　　　　　　　　　　　　　　　　　　ANTONIO BARBOZA

9
FINAL PRETRIAL CONFERENCE ORDER

1  Desist Letters sent by Defendants to Plaintiff.  Plaintiff's Motion to
2  preclude evidence of the defense of the statute of limitations was
3  denied.  The Court's Order on Plaintiff's Motion In Liminie was filed
4  on February 23, 2004 and entered on February 24, 2004.

6  <u>Defendants</u>:
7  Defendants will move to file a Motion in Limine to exclude documents produced
8  by Reel Pictures/Michael Ishayik and motion to exclude testimony from either person on
9  the grounds that full compliance with the subpoena duces tecum was not made until a
10 mere few days before the pretrial conference.  Plaintiff will oppose the Motion.

12    13.    Bifurcation of the following issues for trial is ordered:  NONE.

14    14.    The foregoing admissions having been made by the parties, and the
15 parties having specified the foregoing issues of fact and law remaining to be litigated,
16 this pretrial conference order shall supersede the pleadings and govern the course of
17 the trial of this cause, unless modified to prevent manifest injustice.

DATED: 4/8/04

Honorable Florence-Marie Cooper
United States District Judge

Approved as to form and content:

WEINER & LAURIN, LLP

By: RICHARD L. WEINER
Attorneys for Plaintiff
NEW FORM, INC.

LAW OFFICES OF MARILYN M. SMITH

SIGNED
By:
Marilyn M. Smith
Attorney for Defendants
LUCIA ALBARRAN and
ANTONIO BARBOZA

## ATTACHMENT "A"

## PLAINTIFF'S OBJECTIONS TO EXHIBITS INTENDED TO BE INTRODUCED AT TRIAL BY DEFENDANTS

Plaintiff objects to the following proposed trial exhibits requested by Defendants:

1. Exhibit 233: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

2. Exhibit 234: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

3. Exhibit 235: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

4. Exhibit 236: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

5. Exhibit 237: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

6. Exhibit 238: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the

1 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
2 | issues and causing unfair prejudice.

3     7.    Exhibit 239: On the grounds that it is irrelevant to the legal and factual
4 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
5 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
6 | issues and causing unfair prejudice.

7     8.    Exhibit 240: On the grounds that it is irrelevant to the legal and factual
8 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
9 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
10 | issues and causing unfair prejudice.

11     9.    Exhibit 242: On the grounds that it is irrelevant to the legal and factual
12 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
13 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
14 | issues and causing unfair prejudice.

15     10.    Exhibit 243: On the grounds that it is irrelevant to the legal and factual
16 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
17 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
18 | issues and causing unfair prejudice.

19     11.    Exhibit 253: On the grounds that it is irrelevant to the legal and factual
20 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
21 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
22 | issues and causing unfair prejudice.

23     12.    Exhibit 271: On the grounds that it is irrelevant to the legal and factual
24 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
25 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
26 | issues and causing unfair prejudice.

27     13.    Exhibit 279: On the grounds that it is irrelevant to the legal and factual
28 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the

exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  14. Exhibit 280: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  15. Exhibit 281: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  16. Exhibit 288: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  17. Exhibit 289: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  18. Exhibit 290 On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  19. Exhibit 296: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the exhibit is substantially outweighed by the risk of misleading the jury, confusing the issues and causing unfair prejudice.

  20. Exhibit 297: On the grounds that it is irrelevant to the legal and factual issues to be presented at trial, lacks foundation, and what, if any, probative value of the

12

FINAL PRETRIAL CONFERENCE ORDER

1 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
2 | issues and causing unfair prejudice.
3 |     21.    Exhibit 298: On the grounds that it is irrelevant to the legal and factual
4 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
5 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
6 | issues and causing unfair prejudice.
7 |     22.    Exhibit 299: On the grounds that it is irrelevant to the legal and factual
8 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
9 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
10 | issues and causing unfair prejudice.
11 |     23.    Exhibit 300: On the grounds that it is irrelevant to the legal and factual
12 | issues to be presented at trial, lacks foundation, and what, if any, probative value of the
13 | exhibit is substantially outweighed by the risk of misleading the jury, confusing the
14 | issues and causing unfair prejudice.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 15760 Ventura Boulevard, Suite 1727, Encino, California 91436.

On March 4, 2004, I served the foregoing document described as FINAL PRETRIAL CONFERENCE ORDER (SIGNED BY BOTH COUNSEL) by mailing a copy enclosed in a sealed envelope as follows:

Marilyn Smith, Esq.
301 E. Colorado Blvd.
Suite 610
Pasadena, CA 91101

( x ) (By Mail) I caused such envelope with postage thereon fully prepaid to be placed in the U.S. mail at Encino, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

( __ ) (By Personal Service) I caused the foregoing document to be hand-delivered to the above.

Executed on March 4, 2004 at Encino, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

WENDY LARSEN-CLEAVES